```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ALDRI D. BATISTA-ESPINAL, pro se,              :
                                               :
                    Petitioner,                :
                                               :         MEMORANDUN & ORDER
               -against-                       :
                                               :         09-CV-4866(DLI)
UNITED STATES OF AMERICA,                      :
                                               :
                    Respondent.                :
                                               :
                                               :
                                               :
                                               :
------------------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner Aldri D. Batista-Espinal filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is a native and citizen of the Dominican Republic, seeks an order from this Court modifying his legal status from "Lawful Permanent Resident" to "Naturalized Citizen." (Petition ("Pet."), Doc. Entry No. 1, ¶ 1.) Petitioner is incarcerated pursuant to his conviction before this court of importation of heroin on February 17, 2009 (Enea Affidavit ("Enea Aff."), Doc. Entry No. 4, ¶ 6.). *See also United States v. Batista-Espinal*, Criminal Case Docket No. 09-cr-09, Doc. Entry No. 15. The government opposes the Petition, contending that this court lacks the jurisdiction to entertain the application as petitioner failed to exhaust his claims before the United States Immigration and Customs Enforcement ("ICE").[1] (Government Memorandum in Opposition ("Gov't Opp."), Doc. Entry No. 3, pp. 4-6.). Additionally, the government argues that, to the extent petitioner seeks an order barring his

---

[1] On March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist and its functions were transferred from the Department of Justice to the Department of Homeland Security ("DHS"). ICE is the agency within DHS with the enforcement responsibilities previously entrusted to the INS. United States Citizenship and Immigration Service ("CIS") is the agency responsible for the adjudication of most applications for immigration benefits. United States Customs and Border Patrol ("CBP") is the agency responsible for the inspection of individuals arriving to the United States from abroad.

anticipated removal, this Court lacks jurisdiction to entertain his claim. (Gov't Opp. pp. 6-11.)

For the reasons set forth below, the Petition is denied in its entirety for lack of subject matter jurisdiction and this case is dismissed with prejudice.

## BACKGROUND

Petitioner is a native and citizen of Dominican Republic, who entered the United States as a minor with his father. (Pet. ¶ 1.) On or about August 2, 2002, the former INS admitted petitioner to the United States as a lawful permanent resident. (Enea Aff. ¶ 3.) On October 28, 2002, petitioner's father, a United States citizen, filed a Form N-600 Application for Certificate of Citizenship with the former INS, seeking derivative citizenship for petitioner. (*Id*. ¶ 4.) On April 28, 2003, CIS issued a decision denying his application. (*Id*. ¶ 4; Ex. 3.) Neither petitioner nor his father appealed the decision. In December 2008, petitioner was detained while attempting to re-enter the United States and subsequently was prosecuted for and convicted of unspecified drug trafficking charges. (*Id*. ¶ 5.) He is in the physical custody of the United States Bureau of Prisons ("BOP"), serving a 30-month term of imprisonment. (*Id*. ¶ 6.)

## DISCUSSION

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

"Under the doctrine of exhaustion of administrative remedies, 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.'" *Howell v. INS*, 72 F. 3d 288, 290 (2d Cir. 1995) (quoting *Guitard v. United States Sec'y of Navy*, 967 F. 2d 737, 740 (2d Cir. 1992)). "The requirement of exhaustion 'may arise from explicit statutory language or from an administrative scheme providing for agency relief.'" *Id.* (quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F. 2d 588, 592 (2d Cir. 1993)). "If a party fails to exhaust administrative remedies, then the court may dismiss the action because subject matter jurisdiction does not exist." *Id.* (quoting *Dilaura v. Power Auth.*, 982 F. 2d 73, 79 (2d Cir. 1992)).

An individual may claim derivative citizenship by one of two methods: applying to CIS for a certificate of citizenship, or raising the issue before the immigration court during removal proceedings. *See Patino v. Chertoff*, 595 F. Supp. 2d 310, 313 (S.D.N.Y. 2009) (denying injunctive relief). Individuals, like petitioner, who pursue their claims of derivative citizenship through the CIS, must file Form N-600. *See* INA § 341(a), 8 U.S.C. § 1452(a); 8 C.F.R. § 320.3(a)(2009). If CIS denies the application, the applicant must file an appeal with the CIS's appeals unit within 30 days of the decision. *See* 8 C.F.R. § 322.5(b). "Only after a certificate of citizenship is denied following this administrative procedure does the district court have jurisdiction to determine citizenship." *Barham v. United States*, 99-CV-3893, 1999 WL 1092560, *2 (E.D.N.Y. Nov. 30 1999) (holding that the court was without jurisdiction to entertain petitioner's derivative citizenship claim as petitioner failed to exhaust the claim in accordance with the administrative procedures governing such applications); INA § 360(a), 8 U.S.C. § 1503(a).

In the instant action, petitioner failed to appeal the denial of his application for derivative citizenship. Thus, he failed to properly exhaust his claim before filing his Petition with this Court. Accordingly, the Petition is denied as the Court lacks jurisdiction to grant petitioner's request for an order declaring his citizenship.

The Court construes the Petition liberally, as additionally requesting the Court to enjoin any future removal proceedings against petitioner. For several reasons, the Court lacks jurisdiction to entertain this claim. First, federal courts lack jurisdiction to review any decisions by ICE to initiate removal proceedings against aliens. *See* 8 U.S.C. § 1252(g). Second, there is no evidence before the Court that ICE has initiated such proceedings or that petitioner has exhausted his challenges to such proceedings in accordance with the appropriate administrative procedures. Accordingly, the Petition is denied as the Court lacks jurisdiction to grant petitioner's request for an order enjoining ICE from pursuing removal proceedings.

## CONCLUSION

For the reasons set forth above, the Petition is denied in its entirety for lack of subject matter jurisdiction and the case is dismissed with prejudice. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       January 24, 2012

                                                    /s/
                                       DORA L. IRIZARRY
                                  United States District Judge